# `UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:18-CR-199 |
| | ) | |
| CALVIN MAURICE BUCHANAN | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582 [Doc. 40]. Defendant's previous motions were denied for failure to exhaust administrative remedies with the Bureau of Prisons [Docs. 37, 39]. In the present motion, defendant states that he submitted requests for compassionate release to the Warden at his facility on April 11, 2020 and June 21, 2020 without a response from the Warden. If released, he plans to return to his mother's home in Detroit, Michigan, and seek employment.

Defendant is 45 years old. He suffers from Sarcoidosis in his lungs and hypertension and states he is at increased risk from the COVID-19 virus, especially within the prison environment where social distancing is difficult. Defendant contends that his medical condition constitutes "extraordinary and compelling reasons" under § 3582 that warrant a sentence reduction, particularly in light of the current COVID-19 pandemic. He requests that his sentence be reduced to time served.

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and to possession of a firearm in furtherance of a drug trafficking offense. He was sentenced to 87 months imprisonment on July 17, 2019. He is presently scheduled to be released from federal custody on August 26, 2024.

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson,* 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic – the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A).

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id; accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Section 3582(c), as amended by the First Step Act of 2018, provides that a court, upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier, may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

### A. Exhaustion

The plain language of § 3582(c)(1)(A), as amended by the First Step Act, gives the Court authority to act "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § § 3582(c)(1)(A). District courts have recognized that the language of § 3582(c)(1)(A) requires the defendant to file an administrative request with the Bureau of Prisons "and then either exhaust administrative appeals or wait 30 days after submitting his request to the Bureau of Prisons." *See, e.g., United States v. Heromin,* 2019 WL 2411311 at *1 (M.D.Fla. Jun. 7, 2019); *United States v. Corker,* 2020 WL 1877800 at *4 (E.D.Tenn. Apr. 15, 2020).

Here, defendant filed administrative requests with the Bureau of Prisons on April 11, 2020 and June 21, 2020, asking for compassionate release without response from the Warden and more than thirty days has passed. Accordingly, the Court concludes that it has authority under § 3582(c)(1)(A) to address the instant motion.

3

## B. Merits

The Application Notes to Guideline § 1B1.13 provide that a court may find extraordinary and compelling reasons exist for compassionate release if defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory. A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. USSG § § 1B1.13, cmt. n. 1. The Court may also consider whether defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.*

Here, defendant has not shown that he meets any of the criteria for compassionate release. Defendant is not suffering from a terminal illness. Although he is suffering from a serious physical condition, hypertension, the medical records show that he is being treated with medication and has not suffered any serious consequences from his hypertension or Sarcoidosis. Defendant has not shown that his hypertension substantially diminishes his ability to provide self-care in the correctional facility. Finally, defendant is not suffering from a serious functional or cognitive impairment

Defendant argues hypertension puts him at increased risk should he contract COVID-19 while in the Bureau of Prisons. While the Court sympathizes with defendant's concerns, a generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling

reasons" that justify compassionate release. *United States v. Shah,* 2020 WL 1834930 at *2 (E.D.Mich. Apr. 22, 2020) (Speculation as to whether COVID-19 will spread through defendant's detention facility, whether defendant will contract COVID-19, and whether he will develop serious complications do not justify the extreme remedy of compassionate release). Accordingly, defendant's motion for compassionate release under § 3582(c)(1)(A) [Doc. 37] is **DENIED.**

The Clerk is directed to send a copy of this Memorandum and Order to Calvin Maurice Buchanan, #53794-074, Talladega Federal Correctional Institution, 565 East Renfroe Road, P. Box 1000, Talladega, Alabama 35160.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**